951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Louis Lovitt WASHINGTON, Petitioner-Appellant,
v.
Stanley GLANZ, Respondent-Appellee.
 No. 90-5253.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Washington appeals the district court's dismissal of his petition for habeas corpus on November 7, 1990. In ruling on his motion for reconsideration, the court concluded on January 4, 1991 that although Mr. Washington asserted a violation of his right to a speedy trial, he had failed to exhaust his state remedies as required by Rose v. Lundy, 455 U.S. 509 (1982) (requiring exhaustion of all claims in habeas action under section 2254). Rec., vol. I, doc. 11 at 2. See Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484, 488-91 (1973) (habeas under section 2241 properly presented speedy trial claim because completely exhausted below).
 
 
 3
 Mr. Washington has filed a number of habeas corpus petitions in various courts, most of which have been dismissed for failure to exhaust.[1] One such petition, however, filed in the District Court for Tulsa County on June 6, 1990, was denied on the merits. Because Mr. Washington filed that petition under the same case number as the criminal case against him, CF-89-2497, the trial judge apparently disposed of the petition in connection with the trial on the merits. Opening Brief in Support of Notice of Appeal, Ex. A. The trial ended in conviction, and is now on appeal in the Oklahoma Court of Criminal Appeals as No. 91-824.
 
 
 4
 In order to satisfy the exhaustion requirement, a petitioner must pursue one claim through the state court system; it will not suffice to file duplicative actions in every available court. Presumably, Mr. Washington will raise his speedy trial claims in his direct criminal appeal, and will obtain a final judgment on them in state court. Only then will he have "exhausted" his state remedies, and only then will the federal courts have jurisdiction to entertain his petition for habeas corpus.
 
 
 5
 We AFFIRM the judgment of the district court for substantially the reasons given below.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 His petition in the Oklahoma Court of Criminal Appeals, No. H-90-770, was denied on October 15, 1990. Two federal petitions, Nos. 90-C-916-B and 90-C-404-B, were also dismissed